[No. 1149.]

13   201
33   313
f34  136

HENRY KISER AND SAM ULLMAN .v. THE STATE.

1. BAIL BOND—JUDGMENT NISI—FINAL JUDGMENT.—A judgment *nisi* is properly rendered against the defendants severally for the amount of the bond; and a final judgment rendered thereon against the defendants jointly and severally, though a variance from the judgment *nisi,* and not strictly correct, is an immaterial error, and not sufficient to vitiate the judgment.

2. ALTERATION OF WRITTEN INSTRUMENTS.—If suspicion is raised as to the genuineness of an altered instrument, whether the alteration is patent or is shown by extraneous evidence, the party producing the instrument and claiming under it is bound to remove the suspicion by accounting for the alteration.

3. SAME—PRACTICE.—Where a bond upon its face shows the crossing out of one of the names signed thereto as a surety, it devolves upon the State to satisfactorily explain the erasure, and show that it was made under such circumstances that it did not affect the rights of the obligors in the bond.

4. SAME.—The change or alteration of a bond in a material point by the obligee, as by the erasure of the names of some of the obligors without the assent of the others, operates a discharge of all of the obligors.

5. SAME—EVIDENCE.—A bail bond from which the name of one surety has been erased is not admissible in evidence on behalf of the State, until the State has satisfactorily explained the erasure, and showed either that it did not affect the rights of the remaining surety, or that it was made with his knowledge and consent, or that he afterwards ratified it.

6. SAME—PRACTICE.—The rule which, in the interest of a due administration of justice, authorizes the reception of evidence at any time before the conclusion of argument, cannot be so extended as to permit the introduction of evidence after argument has been concluded.

7. SAME.—A sheriff is authorized to take a bail bond from one accused of a felony only when the court in which the case is pending is not in session.

8. SAME—RELEASE OF AND SUBSTITUTION OF SURETIES.—The only manner in which a surety may secure his release from liability upon a bail bond is to surrender his principal to the custody of the proper officer. A bond changed so as to release one surety and substitute another is not binding even upon those sureties who consented to such change. See this case in example.

ERROR from the District Court of Delta. Tried below before S. W. Stewart, Esq., Special Judge.

George Simpson was the principal in the bond and stood charged before the District Court of Delta county, Texas, with the offense of bigamy. The opinion otherwise discloses the case.

*Perkins & Perkins,* for the plaintiffs in error.

*H. Chilton,* Assistant Attorney General, for the State.

WILLSON, J. On the seventeenth of September, 1874, a judgment *nisi* was rendered in the District Court of Delta county, in favor of the State of Texas and against George Simpson, Henry Kiser and Sam Ullman, for the sum of two hundred dollars, upon the forfeited bail bond of the said Simpson. The judgment was against each of the parties named for the full amount of the bond. The bail bond was dated on the fourth day of February, 1874. *Scire facias* was issued and served upon the defendants Kiser and Ullman, and at the January term, 1875, of the court they appeared and filed their answer, excepting to the sufficiency of the judgment *nisi,* and also to the *scire facias* and the bond, and pleading general denial.

On the nineteenth of August, 1879, the defendant Kiser pleaded specially, and under oath, that "he signed said pretended bond in this cause with Wm. Walbricht, who was a good surety, as he, Kiser, believes, and he would not have signed said bond if it had not been for said other surety being on the same, and that said name was erased without the knowledge or consent of this defendant, and this defendant never knew the same was ever scratched or erased until service of *scire facias;* that said erasure is apparent upon the face of said bond, and is a fraud upon the rights of defendant." On the thirteenth of February, 1880, the cause was tried, and the judgment *nisi* was made final in favor of the State against the defendants jointly and severally for two hundred dollars and costs, and Kiser and Ullman have brought the case before this court for revision by writ of error.

Numerous errors are assigned, but we shall notice such questions only as in our judgment are necessary to be determined.

The judgment *nisi* was rendered against the defendants *severally* for the amount of the bond. In this we think there was

no error. They were severally bound under the law, and the law requires that the judgment should be thus rendered against them. (Code Crim. Proc., Arts. 306 and 441.) The final judgment is against them *jointly* and *severally*. This is a variance from the judgment *nisi*, and is not strictly correct; but, in our opinion, it is immaterial, and not sufficient to vitiate the judgment.

The original bail bond has been sent up with the record for our inspection. It plainly appears from the bond that there has been an erasure of the name of some person, which had been signed to the bond in one of the places intended for the signatures of sureties, and that the defendant Sam Ullman signed his name over this erasure. In *Davis* v. *The State*, 5 Texas Court of Appeals, 48, this court, in passing upon a similar bond, said: "It is now considered to be a general rule that where any suspicion is raised as to the genuineness of an altered instrument, or is made so by extraneous evidence, the party producing it and claiming under it is bound to remove the suspicion by accounting for the alteration." And it was held in that case, that because the bond, upon its face, showed the crossing out of one of the names signed thereto as a surety, it devolved upon the State to satisfactorily explain the erasure, and show that it was made under such circumstances that it did not affect the rights of the obligors in the bond. It was also held in that case that, "where a bond is altered or changed in a material part by the obligee, as by the erasure of the names of some of the obligors without the assent of the others, all of the obligors are discharged."

In the case at bar the State upon the trial read the bail bond in evidence, without offering any testimony in explanation of the erasure apparent upon its face. After the evidence had been all introduced, and after the argument had been concluded, the court, over the objections of the defendants, permitted the State to introduce evidence in regard to the erasure; which evidence tended to prove that the surety whose name had been erased from the bond was James Parish instead of Wm. Walbricht, and that the erasure was made with the knowledge and consent of the defendant Kiser. This evidence, however, is conflicting and unsatisfactory, and in a motion for a new trial the defendant Kiser says he was surprised by the introduction of it after the trial had been concluded, and that he can show it to be false.

We think the court erred in the admission of this testimony. In the first place the bail bond should not have been admitted in

evidence until the State had satisfactorily explained the erasure apparent upon its face, and shown either that it did not affect the rights of Kiser or that it was made with his knowledge and consent, or that he afterwards ratified it. In the next place, the State having failed to make such proof, it was too late to introduce it after the argument had been concluded. It is within the discretion of the court to admit testimony at any time before the argument of the case has been concluded, but we know of no rule of law which confers such discretion where the argument has been concluded, and we think it would be imprudent to sanction such a practice.

It also appears that the alteration in this bail bond, that is the erasure of the name of one surety and the signing by the surety Ullman, was made while the district court in which the case was pending was in session, and it is objected that this renders the bond void. If the bond had been taken while the court was in session, the charge against the defendant being a felony, it would have been without authority of law and void. (Code Crim. Proc., Art. 304.) But we do not think that is the question in this case. The original bond was not taken while the court was in session, and the sheriff had authority to take it. (Code Crim. Proc., Art. 305). It was the release of one surety, and the substitution upon the bond of another, that occurred during the session of the court. This presents a different question. What authority had the sheriff or any one else to thus change the bond? Could such a change be made so as to make the bond valid and binding, even when made with the consent of all parties concerned? We think the change was wholly unauthorized by law, and that it would not be a valid bond even as against those obligors who consented to the change. When a surety desires to release himself from further liability as such upon a bail bond, the law provides the manner in which he may accomplish it, and when he has delivered his principal into the custody of the officer a new bond or a new recognizance is required of such principal. (Code Crim. Proc., Art. 297, *et seq.*) There is no provision of the law which in any case authorizes one surety to be substituted for another upon a bail bond, in the manner in which it was attempted to be done in this case.

The judgment is reversed and the cause dismissed.

*Reversed and dismissed.*

Opinion delivered November 15, 1882.